**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**
2 Valuation of Security          0 Assumption of Executory Contract or Unexpired Lease          0 Lien Avoidance

Last revised: December 1, 2017

## UNITED STATES BANKRUPTCY COURT
### District of New Jersey

In Re:   David R Borzotta          Case No.:    18-14123VFP
         Lisa A Borzotta           Judge:       Hon. Papalia
                   Debtor(s)

### CHAPTER 13 PLAN AND MOTIONS

☑ Original                 ☐ Modified/Notice Required            Date:    **March 29, 2018**
☐ Motions Included         ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

### YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney  RIL          Initial Debtor:  DRB          Initial Co-Debtor  LAB

1

## Part 1: Payment and Length of Plan

a. The debtor shall pay 1,580.00 Monthly to the Chapter 13 Trustee, starting on for approximately April 1, 2018 for 60 months.

b. The debtor shall make plan payments to the Trustee from the following sources:
- [✓] Future Earnings
- [ ] Other sources of funding (describe source, amount and date when funds are available):

c. Use of real property to satisfy plan obligations:
- [ ] Sale of real property
  Description:
  Proposed date for completion:

- [ ] Refinance of real property:
  Description:
  Proposed date for completion:

- [✓] Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion:    Per LMP Order

d. [ ] The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. [ ] Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection    ☐ NONE

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $2,900. to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: M & T Bank (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| NJ Division of Taxation | Taxes | 933 |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
- [✓] None
- [ ] The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

2

## Part 4: Secured Claims

### a. Curing Default and Maintaining Payments on Principal Residence:

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| M & T Bank | 41 Highland Avenue | 100,000. | 0 | 0 | $2,900 per LMP Program |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

### c. Secured claims excluded from 11 U.S.C. 506: ☐ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| Toyota Financial Services | 2010 Mercedes | | 13,479 | 0 |

### d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                Best Case Bankruptcy

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

### e. Surrender ☑ NONE

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

### f. Secured Claims Unaffected by the Plan ☑ NONE

The following secured claims are unaffected by the Plan:

| Creditor |
|---|
| |

### g. Secured Claims to be Paid in Full Through the Plan ☑ NONE

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| | | |

## Part 5: Unsecured Claims

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☐ Not less than $____ to be distributed *pro rata*

☐ Not less than ___ percent

☑ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| Navient | Co-debtor obligation | Pay before general unsecured claims | 118,923 |

## Part 6: Executory Contracts and Unexpired Leases    ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
| | | | | |

## Part 7: Motions    ☒ NONE

**NOTE:** All plans containing motions must be served on all potentially affected creditors, together with local form, *Notice of Chapter 13 Plan Transmittal,* within the time and in the manner set forth in D.N.J. LBR 3015-1. *A Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation*

must be filed with the Clerk of Court when the plan and transmittal notice are served.

a. Motion to Avoid Liens under 11 U.S.C. Section 522(f). ☑ NONE
The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| | | | | | | |

c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured. ☑ NONE

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
| | | | | | |

## Part 8: Other Plan Provisions

a. **Vesting of Property of the Estate**
   ☑ Upon Confirmation
   ☐ Upon Discharge

b. **Payment Notices**
Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

c. **Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:
   1) **Ch. 13 Standing Trustee Commissions**
   2) Other Administrative Claims

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

3) Priority Unsecured Claims
4) Separately Classified Unsecured Claims - Navient
5) General Unsecured Claims

### d. Post-Petition Claims

The Standing Trustee ☒ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

## Part 9: Modification ☒ NONE

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: _____.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| | |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes    ☐ No

## Part 10 : Non-Standard Provision(s): Signatures Required

Non-Standard Provisions Requiring Separate Signatures:
☒ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are void.

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Certification.

I certify under penalty of perjury that the plan contains no non-standard provisions other than those set forth in this final paragraph.

Date
    March 29, 2018        Ronald I LeVine
                                        Attorney for the Debtor

Date:
    March 29, 2018        David R Borzotta
                                        Debtor

Date: 3/29/18
                                        Lisa A Borzotta
                                        Joint Debtor

## Signatures

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

Date
    March 29, 2018        Ronald I LeVine
                                        Attorney for the Debtor

I certify under penalty of perjury that the above is true.

Date: 3/29/18
    March 29, 2018        David R Borzotta

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

Date: 3/29/18
March 29, 2018

Debtor

*[signature]*

Lisa A Borzotta
Joint Debtor

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

```
United States Bankruptcy Court
District of New Jersey

In re:                                                          Case No. 18-14123-VFP
David R Borzotta                                                Chapter 13
Lisa A Borzotta
        Debtors                   CERTIFICATE OF NOTICE

District/off: 0312-2         User: admin                 Page 1 of 2         Date Rcvd: Apr 02, 2018
                             Form ID: pdf901             Total Noticed: 24


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 04, 2018.
db/jdb         +David R Borzotta,    Lisa A Borzotta,    41 Highland Avenue,    Midland Park, NJ 07432-1803
cr             +M&T BANK,    Phelan Hallinan & Schmieg, PC,    400 Fellowship Road,    Suite 100,
                 Mt. Laurel, NJ 08054-3437
517364910      +Best Buy/ CBNA,    POB 6497,    Sioux Falls, SD 57117-6497
517419247       Capital One, N.A.,    c/o Becket and Lee LLP,    PO Box 3001,    Malvern PA 19355-0701
517364911      +Cenlar Federal Savings & Loan,    POB 77404,    Trenton, NJ 08628-6404
517364912      +Chase,    POB 78420,   Phoenix, AZ 85062-8420
517364914      +Chase Card,    POB 15298,    Wilmington, DE 19850-5298
517364915      +Citicards/Citibank,    POB 6241,    Sioux Falls, SD 57117-6241
517364916      +Comenity Bank/Victoria Secret,    POB 182789,    Columbus, OH 43218-2789
517364918      +M&T Bank,    Attn: Phelan Hallinan Diamond & Jones PC,    400 Fellowship Road, Suite 100,
                 Mount Laurel, NJ 08054-3437
517364919      +Macys,    POB 8218,   Mason, OH 45040-8218
517364923      +TD Bank USA/Target Card,    POB 673,    Minneapolis, MN 55440-0673
517415359      +TD Bank, N.A.,    Payment Processing,    PO Box 16029,    Lewiston, ME 04243-9507
517364927     ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
               (address filed with court:    Toyota Financial Services,    POB 5855,    Carol Stream, IL 60197)
517364928      +United Collection Bureao, Inc,    Attn: Chase Bank, N.A.,    POB 1418,    Maumee, OH 43537-8418

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Apr 03 2018 00:52:14      U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Apr 03 2018 00:52:12      United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
cr             +E-mail/PDF: gecsedi@recoverycorp.com Apr 03 2018 00:48:45
                 Synchrony Bank, c/o PRA Recievables Management, LL,     POB 41021,    Norfolk, VA 23541-1021
517364917      +E-mail/Text: bnckohlsnotices@becket-lee.com Apr 03 2018 00:51:41       Khols Department Store,
                 POB 3115,    Milwaukee, WI 53201-3115
517364920      +E-mail/PDF: pa_dc_claims@navient.com Apr 03 2018 00:49:14      Navient,    POB 9500,
                 Wilkes Barre, PA 18773-9500
517364922      +E-mail/PDF: gecsedi@recoverycorp.com Apr 03 2018 00:48:21      SYNCB/ PC Richard,    POB 965036,
                 Orlando, FL 32896-5036
517366709      +E-mail/PDF: gecsedi@recoverycorp.com Apr 03 2018 00:48:22      Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
517364924       E-mail/Text: bankruptcy@td.com Apr 03 2018 00:52:16      TD Bank, N.A.,    POB 9547,
                 Portland, ME 04112
517364929      +E-mail/Text: vci.bkcy@vwcredit.com Apr 03 2018 00:52:22      VW Credit, Inc.,
                 1401 Franklin Blvd,    Libertyville, IL 60048-4460
                                                                                                TOTAL: 9

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517364913*     +Chase,    POB 78420,   Phoenix, AZ 85062-8420
517364921*     +Navient,    POB 9500,    Wilkes Barre, PA 18773-9500
517364925*    ++TD BANKNORTH NA,    70 GRAY ROAD,    FALMOUTH ME 04105-2299
               (address filed with court:    TD Bank, N.A.,    POB 9547,    Portland, ME 04112)
517364926*    ++TD BANKNORTH NA,    70 GRAY ROAD,    FALMOUTH ME 04105-2299
               (address filed with court:    TD Bank, N.A.,    POB 9547,    Portland, ME 04112)
                                                                                  TOTALS: 0, * 4, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 04, 2018                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-2              User: admin                Page 2 of 2              Date Rcvd: Apr 02, 2018
                                  Form ID: pdf901            Total Noticed: 24
```

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 29, 2018 at the address(es) listed below:
              Marie-Ann   Greenberg     magecf@magtrustee.com
              Robert   Wachtel     on behalf of Joint Debtor Lisa A Borzotta rwachtel@ronlevinelaw.com,
               irr72645@notify.bestcase.com
              Robert   Wachtel     on behalf of Debtor David R Borzotta rwachtel@ronlevinelaw.com,
               irr72645@notify.bestcase.com
              Ronald I.  LeVine    on behalf of Joint Debtor Lisa A Borzotta ronlevinelawfirm@gmail.com,
               irr72645@notify.bestcase.com
              Ronald I.  LeVine    on behalf of Debtor David R Borzotta ronlevinelawfirm@gmail.com,
               irr72645@notify.bestcase.com
              Sherri J. Braunstein    on behalf of Creditor   M&T BANK nj.bkecf@fedphe.com,  nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```