UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Ronald I. LeVine, Esq.
210 River Street, Suite 11
Hackensack, New Jersey 07601
Attorney for Debtors

Order Filed on February 19, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

In Re:

DAVID & LISA BORZOTTA

Case No.: 18-14123VFP

Chapter: 13

Judge: Vincent F. Papalia

ORDER APPROVING LOAN MODIFICATION AGREEMENT WITH M&T BANK

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

**DATED: February 19, 2019**

Honorable Vincent F. Papalia
United States Bankruptcy Judge

Page 2
Debtor:
Case No. 18-14123VFP
Caption of Order: ORDER APPROVING LOAN MODIFICATION WITH M & T BANK

**THIS MATTER** being opened to the Court by Ronald I. LeVine, Esq., attorney for debtor herein, upon notice to M & T BANK through their attorney Phelan, Hallinan & Schmieg and to Marie-Ann Greenberg, Chapter 13 Standing Trustee for entry of an Order approving the loan modification with M&T Bank for the first mortgage on the debtor's property and the Court having reviewed the Motion and any evidence presented at the hearing on the Motion (the "Hearing") and having heard statements of counsel in support thereof; and it appearing that all secured parties having been given notice of the Motion; and good and sufficient cause having been shown for entry of the within Order;

IT IS HEREBY FOUND AND DETERMIINED that:

    A. Proper, timely, adequate and sufficient notice of the Motion on the hearing on the requested relief set forth above has been provided and no other or further notice of the Motion, the Hearing, or the entry of this Order is necessary.

    B. A reasonable opportunity to object or be heard with respect to the Motion and the relief requested therein has been afforded to all interested parties.

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

    1. The Motion is granted approving the Loan modification with M & T BANK that is attached as Exhibit A to this Order.

    2. This Court shall retain jurisdiction with respect to any and all disputes may arise in connection with the provisions of this Order and the transactions approved hereby.

Prepared by
Aileen Riordan
Asset Manager
M&T BANK
475 Crosspoint Pkwy Getzville, NY 14068

_____ [Space Above This Line For Recording Data] _____

TAX ID BLOCK 13 LOT 17

# LOAN MODIFICATION AGREEMENT
(Providing for Fixed Interest Rate)

This Loan Modification Agreement ('Agreement'), made this _____, 20___ between **DAVID BORZOTTA AND LISA BORZOTTA, HUSBAND AND WIFE** ('Borrower(s)') and M&T BANK (SBM from Hudson City Savings Bank) ('Lender'), <u>with an address of 475 Crosspoint Pkwy Getzville, NY 14068</u>, amends and supplements (1) the Mortgage, Deed of Trust or Security Deed (the 'Security Instrument'), and Timely Payment Rewards Rider, if any, dated June 12, 2009 and recorded in Book 00164 at Page 1387 in Instrument Number 09-063718 at County of <u>BERGEN</u>, State of <u>NEW JERSEY</u> and (2) the Note bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the 'Property', located at **41 HIGHLAND AVENUE MIDLAND PARK NJ 07432**, and more particularly described as follows:

-All that tract or parcel of land as shown on Schedule A which is annexed hereto and incorporated herein as Exhibit A-

With the original principal balance of U.S. $424,000.00, with pre-modification principal of U.S. $406,694.98, and with capitalized amount of U.S. $93,916.01.

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. As of first day of February, 2019 the amount payable under the Note and the Security Instrument (the 'Unpaid Principal Balance') is U.S. $500,610.99 consisting of the unpaid amount(s) loaned to Borrower by Lender plus any interest and other amounts capitalized.

2. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance and continuing thereafter until the Maturity Date (as hereinafter defined), on the first day of January 2059, at the yearly rate of 4.750% from first day of January, 2019. Borrower promises to pay monthly payments of principal and interest in the amount of U.S $2,331.64 beginning on the first day of February, 2019 and shall continue the monthly payments thereafter on

LISA BORZOTTA;  **EXHIBIT A**  _____/_____ Initials

LOAN MODIFICATION AGREEMENT—Single Fam                    Form 3179   06/06 (rev. 01/09)

the same day of each succeeding month until principal and interest are paid in full.  The new Maturity Date will be January 01, 2059.

Borrower's payment schedule for the modified Loan is as follows for the term of 40 years:

| Interest Rate Change | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|
| 1 | 4.750% | first day of January, 2019 | $2,331.64 | first day of February, 2019 | 480 |

If on January 01, 2059 (the 'Maturity Date'), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement,  Borrower will pay these amounts in full on the Maturity Date.

3. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

   If Lender exercises this option, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower.

4. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument; however, the following terms and provisions are forever canceled, null and void, as of the date specified in paragraph No. 1 above:

   (a) all terms and provisions of the Note and Security Instrument (if any) providing for, implementing, or relating to, any change or adjustment in the rate of interest payable under the Note, including, where applicable, the Timely Payment Rewards rate reduction, as described in paragraph 1 of the Timely Payment Rewards Addendum to Note and paragraph A.1. of the Timely Payment Rewards Rider. By executing this Agreement, Borrower waives any Timely Payment Rewards rate reduction to which Borrower may have otherwise been entitled; and

   (b) all terms and provisions of any adjustable rate rider or Timely Payment Rewards Rider, where applicable, or other instrument or document that is affixed to, wholly or partially incorporated into, or is part of, the Note or Security Instrument and that contains any such terms and provisions as those referred to in (a) above.

LISA BORZOTTA;    _____/_____ Initials

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument    Form 3179    06/06 (rev. 01/09)

5. Borrower understands and agrees that:

   (a) All the rights and remedies, stipulations, and conditions contained in the Security Instrument relating to default in the making of payments under the Security Instrument shall also apply to default in the making of the modified payments hereunder.

   (b) All covenants, agreements, stipulations, and conditions in the Note and Security Instrument shall be and remain in full force and effect, except as herein modified, and none of the Borrower's obligations or liabilities under the Note and Security Instrument shall be diminished or released by any provisions hereof, nor shall this Agreement in any way impair, diminish, or affect any of Lender's rights under or remedies on the Note and Security Instrument, whether such rights or remedies arise thereunder or by operation of law. Also, all rights of recourse to which Lender is presently entitled against any property or any other persons in any way obligated for, or liable on, the Note and Security Instrument are expressly reserved by Lender.

   (c) Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.

   (d) All costs and expenses incurred by Lender in connection with this Agreement, including recording fees, title examination, and attorney's fees, shall be paid by the Borrower and shall be secured by the Security Instrument, unless stipulated otherwise by Lender.

   (e) Borrower agrees to make and execute such other documents or papers as may be necessary or required to effectuate the terms and conditions of this Agreement which, if approved and accepted by Lender, shall bind and inure to the heirs, executors, administrators, and assigns of the Borrower.

6. By this paragraph, Lender is notifying Borrower that any prior waiver by Lender of Borrower's obligation to pay to Lender Funds for any or all Escrow Items is hereby revoked, and Borrower has been advised of the amount needed to fully fund the Escrow Items.

7. Borrower will pay to Lender on the day payments are due under the Loan Documents as amended by this Agreement, until the Loan is paid in full, a sum (the 'Funds') to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Mortgage as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Loan Documents; (d) mortgage insurance premiums, if any, or any sums payable to Lender in lieu of the payment of mortgage insurance premiums in accordance with the Loan Documents; and (e) any community association dues, fees, and assessments that Lender requires to be escrowed. These items are called 'Escrow Items.' Borrower shall promptly furnish to Lender all notices of amounts to be paid under this paragraph. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items.

Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in the Loan Documents, as the phrase 'covenant and agreement' is used in the Loan Documents. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under the Loan Documents and this Agreement and pay such amount and Borrower shall then be obligated to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with the Loan Documents, and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this paragraph.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless an agreement is made in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender and Borrower can agree in writing, however, that interest shall be paid on the Funds. Lender shall provide Borrower, without charge, an annual accounting of the Funds as required by RESPA. If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments. Upon payment in full of all sums secured by the Loan Documents, Lender shall promptly refund to Borrower any Funds held by Lender.

LISA BORZOTTA;    _____/_____ Initials

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument    Form 3179    06/06 (rev. 01/09)

_____ (Seal)
**DAVID BORZOTTA** –Borrower

State of New Jersey,
County of _____,

I CERTIFY that on _____, _____,
_____ and _____ personally came before me and acknowledged under oath to my satisfaction, that this person (or if more than one, each person):

a) Is named in and personally signed the attached document; and
b) Signed and delivered this document as his/her/their act and deed; and

_____
Notary Public

Print Name: _____

My commission expires:

_____

LISA BORZOTTA;                                                                                       _____/_____ Initials
LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument                              Form 3179    06/06 (rev. 01/09)

_____ (Seal)
**LISA BORZOTTA**–Borrower

State of New Jersey,
County of _____,

I CERTIFY that on _____, _____,
_____ and _____ personally
came before me and acknowledged under oath to my satisfaction, that this person (or if more than one, each person):

a) Is named in and personally signed the attached document; and
b) Signed and delivered this document as his/her/their act and deed; and

_____
Notary Public

Print Name: _____

My commission expires: _____

_____

LISA BORZOTTA;                                                                                        _____/_____ Initials

LOAN MODIFICATION AGREEMENT-—Single Family—Fannie Mae Uniform Instrument                Form 3179   06/06 (rev. 01/09)

## EXHIBIT A
### Legal Description

The land hereinafter referred to is situated in the City of Midland Park, County of Bergen, S described as follows:

All that certain tract, lot and parcel of land and premises, situate, lying, and being in Borough of Midland Park in the County of Bergen and State of New Jersey, being more particularly described as follows:

Beginning at a point on the Northerly side of Highland Avenue at a point where the same is intersected by the Southeasterly corner of Lot 19 as laid out on a map entitled, "Map of Prospect Hill in the Borough of Midland Park, Bergen County, New Jersey, surveyed July 1909 by Robert P Zoerner, Surveyor," which point is distant measured along said line of Highland Avenue 800 feet Westerly from the corner formed by the intersection of said line of Highland Avenue and the Westerly line of Vreeland Avenue, and from thence running;

(1) North 33 degrees 25 minutes East, along the Easterly line of Lot 19, 207.5 feet, thence;

(2) South 56 degrees 35 minutes East, parallel with Highland Avenue, 50 feet, thence;

(3) South 33 degrees 25 minutes West, 207.5 feet to the Northerly side of Highland Avenue, thence;

(4) North 56 degrees 35 minutes West, along the Northerly side of Highland Avenue, 50 feet to the point or place of beginning.

Being the Westerly half of Lot #20 as laid out on said map, which was filed in the Clerk's Office of Bergen County July 13, 1920 as Map No. 1690.

For informational purposes only: "In compliance with Chapter 157, Laws of 1977, premises herein Lot 17 in Block 13 on the Tax Map of the above municipality."

APN: Block 13 Lot 17

LISA BORZOTTA;                                                                                                       _____/_____ Initials

LOAN MODIFICATION AGREEMENT—Single Family—Fannie Mae Uniform Instrument                    Form 3179    06/06 (rev. 01/09)

United States Bankruptcy Court
District of New Jersey

In re:
David R Borzotta
Lisa A Borzotta
       Debtors

Case No. 18-14123-VFP
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0312-2      User: admin      Page 1 of 1      Date Rcvd: Feb 19, 2019
                        Form ID: pdf903     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 21, 2019.
db/jdb       +David R Borzotta,    Lisa A Borzotta,    41 Highland Avenue,    Midland Park, NJ 07432-1803

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                               TOTAL: 0

         ***** BYPASSED RECIPIENTS *****
NONE.                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 21, 2019                                                  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 19, 2019 at the address(es) listed below:
         Denise E. Carlon    on behalf of Creditor    Toyota Motor Credit Corporation
          dcarlon@kmllawgroup.com,   bkgroup@kmllawgroup.com
         Marie-Ann Greenberg    magecf@magtrustee.com
         Nicholas V. Rogers    on behalf of Creditor    M&T BANK nj.bkecf@fedphe.com
         Rebecca Ann Solarz    on behalf of Creditor    Toyota Motor Credit Corporation
          rsolarz@kmllawgroup.com
         Richard James Tracy, III    on behalf of Creditor    TD Bank, N.A. rtracy@schillerknapp.com,
          tshariff@schillerknapp.com;kcollins@schillerknapp.com;ahight@schillerknapp.com
         Robert Wachtel    on behalf of Joint Debtor Lisa A Borzotta rwachtel@ronlevinelaw.com,
          irr72645@notify.bestcase.com
         Robert Wachtel    on behalf of Debtor David R Borzotta rwachtel@ronlevinelaw.com,
          irr72645@notify.bestcase.com
         Ronald I. LeVine    on behalf of Joint Debtor Lisa A Borzotta ronlevinelawfirm@gmail.com,
          irr72645@notify.bestcase.com
         Ronald I. LeVine    on behalf of Debtor David R Borzotta ronlevinelawfirm@gmail.com,
          irr72645@notify.bestcase.com
         Sherri Jennifer Smith    on behalf of Creditor    M&T BANK nj.bkecf@fedphe.com, nj.bkecf@fedphe.com
         U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
         United States Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                                          TOTAL: 12